IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
AUG 02 2024
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| MATTHEW D. MCMASTER, | |
| Plaintiff, | |
| v. | CASE NO. |
| COURTNEY VEAL,<br>GEORGE G. BRANTLEY,<br>ROBERT D. LEONARD, II,<br>KATIE K. LEONARD,<br>ALAN G. POOLE,<br>ADELE GRUBBS,<br>BRETT CONWAY,<br>DONALD V. REYNOLDS, | 1:24-CV-3436 |
| Defendants. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. In the State of Georgia, government employees of the State's judiciary have progressively encroached on citizens' rights and liberties under color of law without adherence to or authority of actual law.

2. Among other damages, citizens find themselves being unlawfully searched, interrogated, deprived of parental rights and subject to arrest at the

order of certain judges in retaliation of the exercise of their rights to assemble, organize, free speech, and rights to petition the government.

3. In the County of Cobb, there is **no known remedy** due to government immunity protections and because the State's administrative body responsible for judicial oversite in Georgia, the Judicial Qualifications Commission ("JQC"), has a Director with close political ties to the Cobb County Defendants and the Director, as the gatekeeper who decides which reported cases get investigated, continually dismisses legitimate complaints against Cobb County judges.

4. The state actors involved have the legal community and citizens of Cobb County in an oppressed state with no recourse but to kneel before the oppressors and adhere to their demands in the face of anticipated retaliation. Those who do not submit do in fact face substantial, material and damaging retaliation.

5. Plaintiff in this case has taken all reasonable lawful measures known to deter or otherwise remedy the County's situation described herein, and Plaintiff has progressively been retaliated against and had his Constitutional and federal rights and privileges violated by state actors under color of law.

6. Plaintiff seeks declaratory and injunctive relief to prevent State and County officials from further depriving Plaintiff of his rights, liberties and protections provided for under the Constitution and federal law.

## PARTIES

### Plaintiff

7. Plaintiff Matthew D. McMaster is a citizen of Cobb County, GA, United States of America and an active, licensed member in good standing of the State Bar of Georgia. Plaintiff resides at 1095 New Haven Dr. SW, Marietta, GA 30064. Plaintiff is not sworn into practice law in federal court and Plaintiff brings this action on his own behalf, *pro se*, alleging violations of 42 U.S.C. § 1983.

### Defendants

8. **Courtney Veal** is the Director of the Judicial Qualifications Commission ("JQC") and her principal office is located at 244 Washington St. SW, Suite 440, Atlanta, GA 30334.

9. **George G. Brantley** is a Cobb County Superior Court, Senior Judge who resides at 2359 Tayside Xing NW, Kennesaw, GA 30152

10. **Robert D. Leonard, II,** is a Cobb County Superior Court Judge who resides at 1171 Rockman Ter SW, Marietta, GA 30064 with his spouse, campaign chair, campaign treasurer and co-Defendant, **Katie K. Leonard**.

3

11.     **Alan G. Poole** is the Cobb County Superior Court, Chief Judge who resides at 1861 Leonidas Trl Nw, Marietta, GA 30064.

12.     **Adele Grubbs** is a Cobb County Superior Court, Senior Judge who resides at 1018 Grantham Way SW, Marietta, GA 30064.

13.     **Brett Conway** is staff attorney for Senior Judges at Cobb County Superior Court, and his office is located at 70 Haynes St., 4th Floor, Marietta, GA 30090.

14.     **Donald V. Reynolds** (a/k/a "Vic Reynolds") is a Cobb County Superior Court Judge and his office is located at 70 Haynes St., Courtroom 6400, Marietta, GA 30090.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-2202; and under 42 U.S.C. § 1983 since this action seeks to redress the deprivation of rights, privileges or immunities secured by the United States Constitution and federal laws, under color of laws, statutes, ordinances, regulations, customs and usages of the State of Georgia and political subdivisions thereof.

16.     Venue is proper pursuant to 28 U.S.C. § 1391.

4

## FACTS

17. Cobb County, State of Georgia, has eleven (11) full-time Superior Court judges and eight (8) part-time Senior Judges.

18. Senior Judges can preside over cases under very specific circumstances, primarily for emergencies and for temporary purposes, but sometimes take an entire case to a final order and conclusion.

19. The assignment of a case to a Senior Judge can be made at the request of either (a) the chief superior court judge or (b) the assigned judge to the case.

20. Plaintiff opposed Judge Robert D. Leonard, II, in the May 24, 2022, nonpartisan election for Superior Court judge.

21. The Honorable LeTain Kell, who is not a party to this case, is a former Cobb County Superior Court judge who retired at the end of April, 2022.

22. Cobb County Superior Court has an active standing order that requires all cases assigned to Judge Robert D. Leonard, II, to be randomly re-assigned to another judge when Judge Leonard's wife, Katie K. Leonard, is an attorney of record in light of the spousal conflict of interest.

23. Due to the retirement of Judge Kell, there was no full-time judge presiding in Judge Kell's position on the Cobb County Superior Court bench in

May of 2022. Because the assigned Judge Kell was retired and therefore no longer presiding, Judge Leonard as the Chief Superior Court Judge was granted the statutory authority pursuant O.C.G.A. § 15-1-9.2 to assign a Senior Judge of his choice.

24. To preside over Katie K. Leonard's case, *Lowe v. Lowe*, Case No. 20-1-06072, Judge Brantley was assigned for the remainder of the case, including a hearing on May 22, 2022, and a final hearing on July 17, 2022.

25. The Honorable Vic Reynolds was appointed as Superior Court Judge by Governor Brian Kemp on August 15, 2022, to replace Judge Kell.

26. Judge Leonard won his election against Plaintiff and another challenger on May 24, 2022, and Judge Leonard's next election will be in May of 2026. Judge Leonard's tenure as Chief Superior Court Judge ended on December 31, 2022, and the Honorable Alan G. Poole ("Judge Poole") replaced Judge Leonard as Chief along with Judge Anne Harris as co-Chief Judge of Cobb County Superior Court for a tenure of two years, ending on December 31, 2024.

27. Judge Leonard and Judge Poole are known for being close friends and the failure of Judge Poole to recuse himself in a case that included Katie K. Leonard as an attorney of record was assigned to him made local and state news headlines. Judge Poole appeared to show bias in his final ruling of the case

heavily favoring the client of Katie K. Leonard. The JQC did not prosecute Judge Poole for that situation, and Judge Poole took severe negative action under color of law against the defendant in that case after the defendant went to the media.

28. On May 3, 2022, Tameka Brown, a supporter of Plaintiff attended a Judicial Candidate Forum with her mother at Piastra restaurant on Marietta Square to watch in support of Plaintiff in his run against Judge Robert D. Leonard II for Superior Court Judge. Ms. Brown RSVPed to the event. While at the event, Katie K. Leonard sat at the table in front of Ms. Brown. From time to time, while watching the candidates speak, Katie K. Leonard and would turn around and look at Ms. Brown.

29. After the Forum was over, Ms. Brown and her mother met with Plaintiff and went to eat at another restaurant on Marietta Square. While talking to another candidate also challenging Judge Leonard in the election, Ms. Brown saw Katie K. Leonard near the Guardian Ad Litem ("GAL") in Ms. Brown's pending custody case and Katie K. Leonard appeared to be recording Ms. Brown with her phone. Charles Ford, Judge Leonard's challenger that Ms. Brown was speaking with, said "That's strange." Ms. Brown informed Mr. Ford that she had a child custody case pending in front of Judge Leonard, and Mr. Ford replied: "That's so inappropriate." The GAL was next to Katie K. Leonard and the GAL

was staring at Ms. Brown. Ms. Brown felt as though they were trying to intimidate Ms. Brown.

30. Later that evening Ms. Brown's lawyer at the time, Karen Brown Williams, called Ms. Brown and told Ms. Brown that someone called her office and told her that Judge Leonard was concerned about Ms. Brown's mental health and that Ms. Brown showed up uninvited to the Forum. Ms. Williams told Ms. Brown that she told the caller that she has never worried about Ms. Brown's mental health. Ms. Brown asked Ms. Williams who the caller was and Ms. Williams said that she would not disclose that to Ms. Brown. Ms. Brown asked, "Was it Nancy?" She said, "No." Ms. Brown asked, "Was it someone from the court staff?" She said, "No." Ms. Brown asked, "Was it Judge Leonard's wife?" She said, "I don't want to say, that makes it worse. I just thought you should know."

31. Ms. Brown told Ms. Williams that she needed to recuse Judge Leonard, and Ms. Williams said, "I'm not going to play political games."

32. During the 2022 campaign, sometime between December of 2021 and June of 2022, Katie K. Leonard would contact attorney's and law firms that had cases pending before Judge Leonard, or were likely to have cases pending before Judge Leonard in the future, and request campaign donations for Judge Leonard. The JQC was notified in a complaint and the JQC subsequently

dismissed the complaint. Courtney Veal was not the Director of the JQC at that time but was in fact Deputy Director. The JQC had outside counsel serve as a sit-in Director for that complaint. However, it did not appear that outside counsel was used for the reconsideration of that complaint after it was dismissed.

33. The JQC dismissed a complaint against Cobb County Superior Court Judge, Ann B. Harris. The complaint contained irrefutable facts warranting disciplinary action against Judge Harris. Specifically, Judge Harris's staff attorney previously worked for a law firm that represented the defendant in *Murray v. Smith*, Cobb County Superior Court, Case No. 19-1-04306. JQC Director Courtney Veal worked in the Cobb County DA's Office with Judge Harris, both under the supervision of co-Defendant and former Cobb County DA, Judge Vic Reynolds.

34. The JQC dismissed a complaint against Cobb County Superior Court Judge, Alan G. Poole ("Judge Poole") stating that even if the allegations in the complaint were true they would not warrant Judge Poole's recusal. However, Judge Poole himself had already acknowledged in a court order that the allegations, if true would warrant his recusal.

35. On or about June 14, 2024, Plaintiff requested to record a hearing pursuant to Uniform Superior Court Rule 22 set to take place on June 17, 2024,

between the same parties in the above-described case of *Lowe v. Lowe*, over which Judge Brantley was still presiding and Katie K. Leonard was still an attorney of record.

36. At the hearing held on June 17, 2024, in *Lowe v. Lowe,* Plaintiff was never served a copy nor given the opportunity to see the *Objection to Notice of Rule 22 Request And Brief in Support Thereto* ("Objection") provided to the Court by Katie K. Leonard. Plaintiff did not obtain a copy of the Objection until it was eventually made available through PeachCourt e-file system on or after June 18, 2024. Also on June 17, 2024, Plaintiff was never served a copy nor given the opportunity to see the proposed order denying the Rule 22 request tendered to Judge Brantley by Katie K. Leonard, and it was not made available to Plaintiff until two days after it was signed by Judge Brantley. When Plaintiff was asked if he may speak at the hearing, Judge Brantley replied "No" and "You've wasted enough time today." Katie K. Leonard asked Judge Brantley for an award of attorney's fees and Judge Brantley reserved her request for attorney's fees in an order against Plaintiff who was and is still a nonparty to that case.

37. Judge Brantley proceeded to subject Plaintiff to a search and seizure of Plaintiff's phone if Plaintiff remained in the courtroom for the proceeding.

38. After the hearing, Katie K. Leonard walked by Plaintiff and Plaintiff's friend and Katie K. Leonard said "You better watch out who you associate with."

39. Since June 17, 2024, Judge Brantley, Judge Grubbs and Brett Conway have continually taken action and made communications attempting to induce Plaintiff to appear in court for Katie K. Leonard's request for attorney's fees despite Plaintiff not being a party to that case, Plaintiff having never been served, and the issue of attorney's fees presently superseded by an application to the Georgia Court of Appeals.

## DECLARATORY RELIEF IS NECESSARY

40. There are actual and present controversies between the parties. Plaintiff contends (a) that Judge Brantley, Judge Poole and Judge Grubbs have a duty to recuse themselves from cases where Plaintiff is an attorney of record or party; (b) that Courtney Veal has a duty to recuse herself from JQC complaints against Cobb County judges, which include but are not limited to Judge Leonard, Judge Poole, Judge Reynolds, Judge Brantley and Judge Grubbs; (c) that the mere threat of sanctions for making a Uniform Superior Court Rule 22 request to record violates Plaintiff's Constitutional rights and Equal Protection of the law; and (d) that Judge Leonard's way of raising campaign funds by having his spouse, campaign chair and treasurer calling attorney's and law firms that have cases pending before him or are likely to have cases pending before him is unlawful, fraudulent, extortion or otherwise violates public policy.

## CLAIMS

### COUNT I – Right of Assembly and Petition

Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 as if asserted fully herein. Plaintiff requests that declaration be made by this Court that Plaintiff's Constitutional rights to assembly and petition have been violated by the individual and collective actions of the named Defendants and that Defendants be enjoined from taking further action or inaction so that Plaintiff's Constitutional rights can be protected.

### COUNT II – Right to Free Speech

Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 as if asserted fully herein. Plaintiff requests that declaration be made by this Court that Plaintiff's Constitutional rights to free speech have been violated by the individual and collective actions of the named Defendants and that Defendants be enjoined from taking further action or inaction so that Plaintiff's Constitutional rights can be protected.

### COUNT III – Right to Access Judicial Proceedings

Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 as if asserted fully herein. Plaintiff requests that declaration be made by this Court that Plaintiff's Constitutional rights to access judicial proceedings have been violated by the individual and collective actions of the named Defendants and

that Defendants be enjoined from taking further action or inaction so that Plaintiff's Constitutional rights can be protected.

### COUNT IV – Right to Petition the Government

Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 as if asserted fully herein. Plaintiff requests that declaration be made by this Court that Plaintiff's Constitutional rights to petition the government have been violated by the individual and collective actions of the named Defendants and that Defendants be enjoined from taking further action or inaction so that Plaintiff's Constitutional rights can be protected.

### COUNT V – Right Against Unreasonable Searches and Seizures

Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 as if asserted fully herein. Plaintiff requests that declaration be made by this Court that Plaintiff's Constitutional rights against unreasonable searches and seizures have been violated by the individual and collective actions of the named Defendants and that Defendants be enjoined from taking further action or inaction so that Plaintiff's Constitutional rights can be protected.

### COUNT VI – Right to Due Process and Fair Trial

Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 as if asserted fully herein. Plaintiff requests that declaration be made by this Court that Plaintiff's Constitutional rights to due process and fair trial have been

violated by the individual and collective actions of the named Defendants and that Defendants be enjoined from taking further action or inaction so that Plaintiff's Constitutional rights can be protected.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter a judgment enjoining Courtney Veal from having any involvement or authority over JQC complaints made by Plaintiff.

(b) Enter a judgment enjoining Courtney Veal from having any involvement or authority over JQC complaints against a Cobb County judge.

(c) Enter a judgment declaring that searching and seizing the cell phone of Plaintiff because he requested to record a hearing pursuant to Georgia Uniform Superior Court Rule 22 is an unreasonable search and seizure, and violative of Plaintiff's right to access judicial proceedings and denial of Plaintiff's equal protection of the law.

(d) Enter a judgment declaring that monetary sanctions or even the mere threat of sanctions against Plaintiff who is not a party to a case and is only a spectator and/or requestor to record a hearing is unconstitutional and violative of Plaintiff's right to access judicial proceedings and equal protection of the law.

(e) Enter a judgment declaring the actions taken and statements made by Katie K. Leonard who is also Judge Leonard's campaign chair and treasurer to be actions ratified and condoned by Judge Leonard such that they pierce Judge Leonard's veil of sovereign immunity.

(f) Enjoin Katie K. Leonard from communicating with attorneys or law firms with attorneys who have cases pending before Judge Leonard for the purpose of inducing campaign donations.

(g) Enjoin Katie K. Leonard from subpoenaing phone records of public citizens who request to record hearings pursuant to Georgia Uniform Superior Court Rule 22.

(h) Enjoin Katie K. Leonard from publicly stating that she will subpoena phone records of citizens who request to record hearings pursuant to Georgia Uniform Superior Court Rule 22.

(i) Enjoin Katie K. Leonard from publicly calling litigants who are fighting for custody or have fought for custody of their children in Cobb County "custody crazies" or using other words to publicly disparage that class of people.

(j) Enter a judgment declaring Judge Brantley's statements, temperament and actions toward and against Plaintiff to be violative of Plaintiff's due process rights and right to a fair trial.

(k) Enter a judgment declaring the communications made by Brett Conway to Plaintiff to be unlawful attempts to lure Plaintiff into waiving his Constitutional rights to due process and further enjoin Brett Conway from making attempts reasonably calculated to induce an individual who is not a party to a case to appear in court to be sanctioned.

(l) Enter an order enjoining Judge Grubbs from presiding over any matters in any court of law due to perceived cognitive impairment.

(m) Enter an order declaring Judge Grubbs disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Judge Grubbs from presiding over any matters in which Plaintiff is a party or litigant.

(n) Enter an order and enjoining Judge Brantley from presiding over any matters in which Plaintiff is a party or litigant.

(o) Enter an order declaring Judge Brantley disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Judge Brantley from entering any order of sanctions against Plaintiff as a nonparty.

(p) Enter an order declaring the actions and inactions of Judge Reynolds to equate to the ratification and condoning of those actions taken by Katie

K. Leonard, Judge Brantley, or any Senior Judge that presides over a matter in any case assigned to Judge Reynolds.

(q) Enter an order declaring Judge Poole disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Judge Poole from presiding over any matters in which Plaintiff is a party or litigant.

(r) Enter an order enjoining Judge Poole from assigning a Senior Judge to cases in which Plaintiff is a party or litigant.

This submission was prepared using Times New Roman 14 point font in compliance with L. Rule 5.1(C).

Submitted this 2nd day of August, 2024.

Respectfully submitted,

/s/ _____
Matthew D. McMaster
*Pro se*
GA Bar #218044

12 Powder Springs St.
Suite 230
Marietta, GA 30064
(770) 362-6490 (cell)
(800) 890-3981 (office)
mdmcmaster@mcmasterlegal.com