UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW D. MCMASTER,

     Plaintiff,

     v.

ALAN G. POOLE,

     Defendant.

CIVIL ACTION NO.
1:24-CV-03436-JPB

## **ORDER**

This matter comes before the Court on Alan G. Poole's ("Defendant")

Motion to Dismiss [Doc. 71]. Also before the Court are Matthew D. McMaster's

("Plaintiff") Motion to Lift Stay on Discovery, [Doc. 72], Motion to Consolidate

Cases, [Doc. 78], and Motion for Leave to File Supplemental Complaint, [Doc.

82]. This Court finds as follows:

## **BACKGROUND**

According to the operative Complaint, Plaintiff is a licensed attorney who

practices law in Cobb County, Georgia. [Doc. 69, p. 4–5]. Defendant is a judge

on the Superior Court of Cobb County. Id. at 4. Plaintiff's law practice focuses on

civil litigation, which means he regularly appears before Defendant and the other

judges of the Superior Court. Id. at 5. Aside from his practice, Plaintiff also

aspired to be a Judge on the same court as Defendant.  Plaintiff ran for election against other Cobb County judges in 2022 and 2024.  Id. at 9–10.  In conjunction with his campaigns, Plaintiff made statements criticizing members of the Cobb County judiciary.  Id.

Plaintiff's campaigns were unsuccessful, so he continued to practice law. His Complaint alleges that, because of his campaign activity and other public statements, Defendant harbors bias against him.  Id. at 10, 25.  In 2023, Plaintiff was an attorney of record in a case where Defendant was the presiding judge.  Id. at 13.  Plaintiff contacted Defendant's staff to request that Defendant voluntarily recuse himself.  Id.  The staff responded that Defendant was "unaware of any basis for recusal."  Id.  Plaintiff then filed a motion to recuse Defendant from the case. Id. at 14.  The Complaint alleges that this motion was not properly assigned to another judge on the court and that, ultimately, the motions were never ruled on because Plaintiff voluntarily dismissed the case.  Id.

Plaintiff, proceeding *pro se*,[1] then initiated this action on August 2, 2024. [Doc. 1].  In his original Complaint, Plaintiff brought claims against eight

---

[1] Though proceeding *pro se*, the Court does not construe Plaintiff's pleadings liberally because he is a licensed lawyer.  See Bowers v. Bd. of Regents of the Univ. Sys. of Ga., 509 F. App'x 906, 908 n.1 (11th Cir. 2013) (citing Olivares v. Martin, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977)).

defendants and alleged widespread misconduct by several superior court judges and others.  Id.  Plaintiff amended his Complaint twice, eventually narrowing his claims to just those against Defendant.  [Doc. 43]; [Doc. 69].

Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint based on a lack of standing, among other arguments.  [Doc. 71].  Plaintiff filed a response, and Defendant filed a reply.  [Doc. 74]; [Doc. 75].  Aside from Defendant's motion to dismiss, Plaintiff filed a motion to lift the stay on discovery that had been entered following Defendant's motion to dismiss the original Complaint.  [Doc. 72].  Plaintiff also filed a motion to consolidate this case with another that he filed in this Court, [Doc. 78], and a motion for leave to file a supplemental complaint, [Doc. 82].  All these motions are now ripe for review.

## DISCUSSION

The Court first considers the Motion to Dismiss.  The Court begins with Defendant's standing argument since it implicates this Court's subject-matter jurisdiction.  See Ladies Mem'l Ass'n, Inc. v. City of Pensacola, 34 F.4th 988, 994 (11th Cir. 2022) ("[S]tanding is a part of subject matter jurisdiction."); Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

3

## A.    Standard on a Rule 12(b)(1) Motion to Dismiss

A party may challenge the court's subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Challenges to subject-matter jurisdiction under Rule 12(b)(1) take two forms.  The first form is a facial attack, which questions subject-matter jurisdiction based on the allegations in the complaint alone.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  The second form is a factual attack, which contests jurisdiction "in fact, irrespective of the pleadings.  In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits."  Morrison, 323 F.3d at 925 n.5 (citation omitted).  In this case, Defendant has lodged a facial attack because the Motion to Dismiss on subject-matter jurisdiction grounds is based solely on the allegations in the operative Complaint and does not reference other materials.

## B.    Standing Requirements

Article III of the United States Constitution "confers limited authority on the judicial branch."  Nicklaw v. CitiMortgage, Inc., 839 F.3d 998, 1001 (11th Cir.

4

2016).  "Although the Constitution does not fully explain what is meant by '[t]he judicial Power of the United States,' it does specify that this power extends only to 'Cases' and 'Controversies.'"  Spokeo, Inc. v. Robins, 578 U.S. 330, 337 (2016) (quoting U.S. Const. art. III, §§ 1, 2).  The Supreme Court has held that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."  Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Simon v. E. Ky. Welfare Rts. Org., 426 U.S. 26, 37 (1976)).

Defendant contends that there is no case or controversy here because Plaintiff lacks standing.  The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."  Spokeo, 578 U.S. at 338.  In the absence of standing, "a court is not free to opine in an advisory capacity about the merits of a plaintiff's claim."  Corbett v. Transp. Sec. Admin., 930 F.3d 1225, 1232 (11th Cir. 2019) (quoting Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)).  At an "irreducible constitutional minimum," to establish standing, a plaintiff must establish the following prerequisites:

> (1) the plaintiff has suffered an "injury in fact" — an invasion of a judicially cognizable interest, which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there be a causal connection between that injury and the conduct

5

complained of — the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it be likely, not merely speculative, that the injury will be redressed by a favorable decision.

Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 578 U.S. at 339 (quoting Lujan, 504 U.S. at 560); see also Corbett, 930 F.3d at 1232 (holding that the injury-in-fact requirement may be met where a plaintiff shows "that he 'has sustained or is immediately in danger of sustaining some direct injury'" (quoting Lynch v. Baxley, 744 F.2d 1452, 1456 (11th Cir. 1984))).

Two other standing principles are relevant to this case. First, with respect to injunctive or declaratory relief, "[w]hen a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury." Corbett, 930 F.3d at 1232 (quoting 31 Foster Children v. Bush, 329 F.3d 1255, 1265 (11th Cir. 2003)). Even if "the plaintiff shows immediacy, the injury must still be substantially likely to actually occur" to establish standing. Id. Second is third-party standing. As discussed more fully below, some of Plaintiff's claims appear to rest on alleged injuries to his clients rather than to himself. A plaintiff can still bring claims based

6

on injury to third parties under the doctrine of third-party standing.  To establish third-party standing, a plaintiff must demonstrate:  (1) an injury-in-fact to himself that gives him a "sufficiently concrete interest" in the dispute, (2) a close relationship to the third-party and (3) a hindrance to the third-party's ability to assert its own interests.  Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1042 (11th Cir. 2008).

The plaintiff bears the burden of establishing the elements of standing. Spokeo, 578 U.S. at 338.  At the pleading stage, a plaintiff must "clearly allege facts demonstrating each element."  Id. (citation modified).  Additionally, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."  Town of Chester v. Laroe Estates, Inc., 581 U.S. 433, 439 (2017) (quoting Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008)).  Here, Plaintiff alleges two distinct injuries as the basis for his standing to obtain both declaratory and injunctive relief.  First, he alleges that Defendant's actions violate the Fourteenth Amendment's Due Process Clause, which requires a fair and impartial tribunal.  [Doc. 69, p. 11].  Second, he alleges that Defendant's actions are retaliation for engaging in protected speech in violation of the First Amendment.  Id. at 12.  The Court will consider each theory in turn.

### C.    Due Process Injury

Plaintiff asserts that Defendant, a judge sitting on the Superior Court of Cobb County, has a duty to recuse from Plaintiff's cases. Id. at 11.  The Complaint contends that Defendant's failure to voluntarily recuse from a case where Plaintiff was an attorney of record "violated Plaintiff's due process right to an impartial tribunal." Id. at 14.  The due process right to an impartial tribunal, however, is a right that belongs to a litigant—not to the litigant's lawyer.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 429 (1982) ("The Court traditionally has held that the Due Process Clauses protect civil *litigants* who seek recourse in the courts." (emphasis added)); Franklin v. McCaughtry, 398 F.3d 955, 959 (7th Cir. 2005) ("The Due Process Clause guarantees *litigants* an impartial judge . . . ." (emphasis added)); cf. United States Dep't of Labor v. Triplett, 494 U.S. 715, 720 (1990) (applying third-party standing to lawyer's claim based on due process right to counsel); Kowalski v. Tesmer, 543 U.S. 125, 129–30 (2004) (same).

The Complaint is phrased in terms of "Plaintiff's" due process right to an impartial tribunal.  [Doc. 69, pp. 14, 18, 28].  And the Complaint makes some reference to the possibility that Plaintiff could appear before Defendant as a party to a case rather than as a lawyer. Id. at 17 (requesting a declaration that "Judge Poole is disqualified from presiding over any matters in which Plaintiff is a party

or attorney of record"). There are no allegations, however, about cases in which Plaintiff has been or will be a party before Defendant. Thus, to the extent Plaintiff contends that he has standing based on his own due process rights, he has not met his burden to establish the existence of an actual injury under that theory.

Plaintiff's Complaint appears to really be asserting the due process rights of clients that Plaintiff represents. The Complaint mentions that Plaintiff "is an attorney in Cobb County whose primary practice focuses on civil litigation [and] will likely have cases assigned to Judge Poole in the future." Id. at 5. It also identifies request to recuse Defendant—central to the alleged due process injury—as filed in a case where Plaintiff "was an attorney of record." Id. at 13–14. The Complaint's allegation that "Plaintiff's due process right" was violated follows the discussion of that case too. Id. at 14.

To assert his clients' rights, Plaintiff must have third-party standing. For third-party standing, Plaintiff must allege facts that establish: (1) an injury-in-fact to himself that gives it a "sufficiently concrete interest" in the dispute, (2) a close relationship to the third-party and (3) a hindrance to the third-party's ability to assert its own interests. Young Apartments, Inc., 529 F.3d at 1042.

The Court finds that, even if the first two requirements were satisfied, Plaintiff's Complaint fails the third prong. It does not include any facts that go

9

toward establishing a hindrance to his clients' ability to vindicate their due process rights themselves.  Accordingly, Plaintiff has failed to establish third-party standing.  Thus, for all these reasons, the Court finds that Plaintiff's due process theory is inadequate to establish standing.

## D.    First Amendment Injury

Plaintiff's second theory is that Defendant's actions were retaliation against Plaintiff for exercising his First Amendment rights.  Here, it is clear from the Complaint that Plaintiff is asserting his own rights, so there is no question of third-party standing.

The Eleventh Circuit Court of Appeals has said, in the First Amendment context, "[l]itigants who are being 'chilled from engaging in constitutional activity' . . . suffer a discrete harm . . . , and that harm creates the basis for our jurisdiction." Dana's R.R. Supply v. Att'y Gen., Fla., 807 F.3d 1235, 1241 (11th Cir. 2015).  For a First Amendment retaliation claim, a plaintiff must establish that retaliation would chill his speech by being objectively likely to "deter a person of ordinary firmness from exercising his or her First Amendment rights." Ranize v. Town of Lady Lake, No. 5:11-CV-646-OC-32TBS, 2012 WL 4856749, at *2 (M.D. Fla. Oct. 12, 2012); see also Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005) ("The objective 'ordinary firmness' test requires plaintiffs to allege that the

retaliatory acts of the defendants adversely affected them, which is an injury sufficiently adverse to give rise to Article III standing.").

Here, Plaintiff alleges that he ran campaigns for judicial office and publicly criticized Cobb County judges. [Doc. 69, p. 12]. These are undoubtedly activities protected by the First Amendment. The question is whether Defendant's refusal to voluntarily recuse himself "would likely deter a person of ordinary firmness" from engaging in such activity in the future. The Court concludes that such deterrence would not be the likely result of Defendant's action.

This is because the only alleged action of Defendant was his refusal to *voluntarily* recuse. As Plaintiff's Complaint acknowledges, however, Georgia law allows litigants to file formal recusal motions too. Id. at 13–14; see also generally Ga. Unif. Super. Ct. R. 25.1; Mayor & Aldermen of Savannah v. Batson-Cook Co., 728 S.E.2d 189 (Ga. 2012) (describing the recusal process, including appellate review of recusal decisions). Because formal recusal is an available remedy if a judge declines to voluntarily recuse after an informal request, the Court finds that a person of ordinary firmness would not be chilled from speaking simply because a judge refused to voluntarily recuse from their case. There would still be an avenue for recourse, so an ordinary person would not be likely to feel that their speech was chilled just from a decision to not voluntarily recuse.

Plaintiff goes on to allege that, when he filed formal recusal motions, those motions were never ruled on.  [Doc. 69, p. 14].  But the Complaint does not allege that anyone, let alone Defendant, acted intentionally to delay ruling on the motions.  Id.  In fact, the Complaint says that, six months after the motions were filed, Plaintiff voluntarily dismissed the case.  Id.  On the allegations presented here, there is no contention that this delay was somehow retaliation or even that this was outside of the normal timeframe for the court to rule on a motion.  Id.

Though not fully articulated in the Complaint, the implication of the allegations seems to be that the real injury—absent recusal—is that Defendant remained as the judge in the case and would go on to handle the case in a biased way.  In the abstract, such conduct could be retaliatory.  Yet the facts in the Complaint do not plausibly allege such an injury.  The allegations that Defendant harbors bias against Plaintiff are conclusory, and there is no allegation that Defendant later took some biased action against Plaintiff or his client while presiding over the case.

The Court's analysis has thus far focused on the allegations of past injury because that is the focus of the Complaint.  Yet Plaintiff is seeking prospective relief, which requires a showing that some *future* injury is substantially likely.  Corbett, 930 F.3d at 1232.  Having failed to establish any past injury, the existence

of any future injury is wholly speculative since there are no additional allegations that would support the existence of such an injury. In sum, Plaintiff has failed to establish a "substantial risk that [a] harm will occur" in the future. Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014) (cleaned up).

For these reasons, the Court concludes that none of the alleged conduct would chill the speech of a person of ordinary firmness and that Plaintiff has failed to establish any likelihood of future injury. Plaintiff's Complaint therefore fails to establish injury-in-fact under the First Amendment theory. Because the Complaint does not adequately allege standing under either theory, Defendant's motion to dismiss is **GRANTED**. Plaintiff's claims are therefore **DISMISSED** for lack of subject-matter jurisdiction.

## E.    Other Motions

Aside from the motion to dismiss, three other motions are pending before the Court. First is Plaintiff's Motion to Lift Stay on Discovery [Doc. 72]. Since the motion to dismiss has been granted, there will no longer be discovery in this case. Plaintiff's motion is consequently moot. Plaintiff also filed a Motion to Consolidate Cases [Doc. 78]. After filing, however, he voluntarily dismissed the case that he sought to consolidate with this one. See Docket in McMaster v. Smith, 1:25-CV-04077-JPB. So the motion to consolidate is moot also.

13

Finally, Plaintiff filed a Motion for Leave to File Supplemental Complaint [Doc. 82]. Federal Rule of Civil Procedure 15(d) provides that the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "[I]n keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally. However, Rule 15(d) also has its limits. For example, the supplemental allegations must have some relation to the original Complaint, and [a] court should also consider futility, prejudice, unreasonable delay, and efficiency associated with the requested supplement." Goldman v. U.S. Dep't of Educ., No. 24-CV-5655, 2025 U.S. Dist. LEXIS 201767, at *12 (N.D. Ga. Aug. 26, 2025) (citations and quotation marks omitted).

The Court concludes that allowing the supplemental Complaint would be futile and inefficient. The facts laid out in the proposed supplement include that Defendant, acting as chief judge, ordered recusal of all the Cobb County Superior Court judges from Plaintiff's cases. [Doc. 82-2, p. 23]. It goes on to allege that another judge later undid that order. Id. at 24. The proposed supplement also contends that an administrative staff member who works for Defendant and

14

another judge "manipulated scheduling" in a case where Plaintiff was an attorney of record.  Id. at 25.

Granting leave to supplement the Complaint with these allegations would be futile.  The additional allegations are brief, and many do not relate to Defendant at all.  Several allegations are conclusory, simply arguing that an action taken in a case must be attributable to Defendant because he had an administrative role at the Superior Court.  Id. at 24.  In short, these allegations would not impact this Court's standing analysis.

Allowing this supplemental pleading would also be inefficient.  Plaintiff incorporates by reference several paragraphs from his operative Complaint into the supplemental Complaint, partly defeating the purpose of a supplemental pleading.  Id. at 19–21, 30.  Additionally, Plaintiff refers to another case that he has filed in this Court and allegations related to that case.  Id. at 25–26.  He also includes facts about former defendants that he previously dismissed from this case.  Id. at 18, 21–23, 26.  These portions of the proposed supplemental Complaint are largely irrelevant to the claims against Defendant and would only serve to make the Court's work more difficult rather than provide a meaningful supplement.

For all these reasons, the Motion for Leave to File Supplemental Complaint, [Doc. 82], is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, [Doc. 71], is hereby **GRANTED**.  Plaintiff's claims are **DISMISSED** for lack of jurisdiction.  Plaintiff's Motion to Lift Stay on Discovery, [Doc. 72], and Motion to Consolidate Cases, [Doc. 78], are **DENIED as moot**.  Plaintiff's Motion for Leave to File Supplemental Complaint, [Doc. 82], is **DENIED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 30th day of January, 2026.

J. P. BOULEE
United States District Judge

16